NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT M. DURHAM,                    :
                                     :   Civil Action No. 07-2057 (JBS)
            Plaintiff,               :
                                     :
            v.                       :       **OPINION**
                                     :
ROLAND J. TEMPAS, et al.,            :
                                     :
            Defendants.              :

**APPEARANCES:**

        ROBERT M. DURHAM, Plaintiff <u>pro</u> <u>se</u>
        #05867-025
        FCI Fort Dix
        EAST: P.O. Box 2000 - WEST: P.O. Box 7000
        Fort Dix, New Jersey 08640

**SIMANDLE,** District Judge

        Plaintiff Robert M. Durham ("Durham"), a federal prisoner
currently confined at the Federal Correctional Institution at
Fort Dix, New Jersey ("FCI Fort Dix"), at the time he filed his
Complaint, seeks to bring this civil action <u>in</u> <u>forma</u> <u>pauperis</u>.
It appearing that plaintiff qualifies to proceed <u>in</u> <u>forma</u>
<u>pauperis</u>, the Court will grant plaintiff's application to proceed
as an indigent and will direct the Clerk of the Court to re-open
this matter, and file the Complaint without prepayment of fees.

        Having reviewed the Complaint pursuant to 28 U.S.C.
§§ 1915(e)(2) and 1915A to determine whether it should be
dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should be transferred to the proper venue in the Southern District of Illinois where the criminal forfeiture of his property, which he here contests, allegedly occurred.

I.  <u>BACKGROUND</u>

Durham brings this civil action against the following defendants: Ronald J. Tempas, a U.S. Attorney for the Southern District of Illinois; the United States; the U.S. Department of Justice ("DOJ"); and Edwards D. Jones & Company, a financial institution based in St. Louis, Missouri.  (Complaint, Caption, ¶¶ 2-4).  The following factual allegations by plaintiff are taken from the Complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

In or about June 2004, Durham pled guilty to charges of conspiracy to manufacture and distribute methamphetamine in the United States District Court for the Southern District of Illinois.  As part of his plea bargain, Durham agreed to forfeit certain assets, which constituted proceeds or property used or intended to be used in any manner to commit or facilitate the commission of the convicted offense.  (Compl., ¶¶ 7-8).

In or about June 2006, the DOJ, under the supervision of defendant Tempas, seized plaintiff's Individual Retirement Accounts ("IRAs") from defendant Edward D. Jones & Company, despite Durham's notice to the Government, on several occasions, that these funds had been accumulated from 1969 to 1990 during Durham's employment with Continental Telephone Company, Contel, and GTE, from which he retired on March 5, 1999.  (Compl., ¶¶ 9-10).

Durham claims that he has fulfilled his agreement with the Court to identify the assets subject to forfeiture, by identifying such assets which led to the forfeiture of over $50,000.00.  Durham further argues that under the terms of the Plea Agreement and ERISA, plaintiff's IRAs were not assets subject to forfeiture.  (Compl., ¶¶ 11-12).

Durham alleges that defendants, Tempas and the DOJ made no effort to verify the source of these funds before seizure.  He also alleges that defendant Edward D. Jones & Company failed to adequately investigate the Government's claims or protect plaintiff's rights as owner of the IRA funds.  To date, Durham alleges he has suffered the loss of over $65,000.00, plus earnings on these funds for almost one year.  (Compl., ¶¶ 13-15).

Durham asserts a tort claim of conversion against all defendants, alleging that they converted plaintiff's funds for their own usage.  He also asserts claims of negligence against

the Government defendants, alleging that the DOJ and Tempas made
no effort to ascertain the origin of the funds, or the
implication of ERISA restrictions on seizure, before seizing the
IRA funds.  Durham finally claims that defendant Edward D. Jones
& Company was negligent and failed in its duty to plaintiff as
custodian of plaintiff's IRA funds.  As a result of defendants'
conversion of funds and negligence, Durham states that he has
suffered enormous economic loss.  (Compl., Counts One, Two and
Three, ¶¶ 16-25).

Durham seeks a return of his assets, plus interest and
refund of penalties paid from the date of seizure.  He also asks
for punitive damages, treble the amount seized, plus attorney
fees and costs, interest, and any other relief deemed suitable by
the Court.  (Compl., "Relief Requested").

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-
134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),
requires a district court to review a complaint in a civil action
in which a prisoner is proceeding in forma pauperis or seeks
redress against a governmental employee or entity.  The Court is
required to identify cognizable claims and to sua sponte dismiss
any claim that is frivolous, malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. §§
1915(e)(2)(B) and 1915A.

In determining the sufficiency of a <u>pro se</u> complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff, however inartfully pleaded.  <u>See</u> <u>Erickson v. Pardus</u>,
__ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following <u>Estelle v.</u>
<u>Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S.
519, 520-21 (1972)).  <u>See also</u> <u>United States v. Day</u>, 969 F.2d 39,
42 (3d Cir. 1992).  The Court must "accept as true all of the
allegations in the complaint and all reasonable inferences that
can be drawn therefrom, and view them in the light most favorable
to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d
902, 906 (3d Cir. 1997).  The Court need not, however, credit a
<u>pro se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)).  The standard for evaluating whether a
complaint is "frivolous" is an objective one.  <u>Deutsch v. United</u>
<u>States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro se</u> complaint may be dismissed for failure to state a
claim only if it appears "'beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v.</u>

Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

III.  ANALYSIS

A.  Jurisdiction

     Durham asserts that the Court has jurisdiction over this matter, as against defendants, Tempas and Edward D. Jones & Company, based on diversity of citizenship under 28 U.S.C. § 1332.  He further alleges that jurisdiction exists over the United States and the DOJ, by virtue of suit against the United States.  See 28 U.S.C. § 1346.  The only connection of this case to the District of New Jersey is that Durham is presently lodged

6

here at FCI Fort Dix, based upon his conviction in the Southern District of Illinois.

Durham does not assert any claim alleging a violation of a federal constitutional right, federal statute, or federal treaty law.  Rather, he alleges only tort claims of conversion and negligence against the named defendants.

B.  Claims Against U.S. Attorney Tempas, the U.S. and the DOJ

Plaintiff is alleging tort claims of conversion and negligence against the Government defendants, the United States, the DOJ, and U.S. Attorney Tempas, based on defendant Tempas' seizure of Plaintiff's IRA funds, which should have been excluded from the forfeiture agreement.  Plaintiff does not identify the specific federal statute upon which he is relying to bring suit against the United States and the DOJ, for the alleged wrongful seizure; however, this Court assumes that the tort claims are brought pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq.  A claim against a federal employee alleging liability on the basis of the commission of a tort acting within the scope of federal employment is cognizable under the FTCA.

The FTCA waives the federal government's sovereign immunity and gives a district court exclusive jurisdiction over civil actions

> [1] against the United States,[1] [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). <u>See</u> <u>Dolan v. U.S. Postal Service</u>, 546 U.S. 481, 492-93 (2006)(citing 28 U.S.C. § 1346(b)(1)); <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 477 (1994); <u>United States v. Muniz</u>, 374 U.S. 150 (1963); <u>McCloskey v. Mueller</u>, 446 F.3d 262, 265 (1st Cir. 2006); <u>Deutsch v. United States</u>, 67 F.3d 1080, 1091 (3d Cir. 1995).

However, a district court lacks jurisdiction over a federal tort claim unless the claimant has first exhausted administrative remedies. <u>See</u> 28 U.S.C. § 2675(a); <u>see also</u> <u>McNeil v. United States</u>, 508 U.S. 106 (1993); <u>Deutsch</u>, 67 F.3d at 1091. Specifically, 28 U.S.C. § 2675(a) provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

---

[1] Plaintiff's claim against the DOJ, a federal agency, must be treated as a claim against the United States. <u>See</u> <u>Daniel v. United States</u>, 891 F. Supp. 600, 603 (N.D. Ga. 1995).

Additionally, a tort claim against the United States is time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues, and files the action in the district court within six months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented. See 28 U.S.C. § 2401(b); Pascale v. United States, 998 F.2d 186, 190 (3d Cir. 1993).  The requirements that a claimant timely present his claim and that he do so in writing for a sum certain are jurisdictional prerequisites to a suit in the district court. Deutsch, 67 F.3d at 1091.

Here, Plaintiff does not allege that he filed a tort claim notice with the DOJ for return of the allegedly improperly seized funds.  Thus, this action may be subject to dismissal without prejudice if Plaintiff has not met the jurisdictional requirement under 28 U.S.C. § 2675(a).

Further, even if Plaintiff had satisfied the FTCA requirement of administrative exhaustion, Plaintiff would face a more serious obstacle to federal jurisdiction.  Specifically, the FTCA does not waive sovereign immunity for claims stemming from detention of property seized for the purpose of forfeiture if the forfeiture was imposed as a result of a conviction of a criminal offense.  See 28 U.S.C. § 2680(c)(1).  Here, Plaintiff admits in his Complaint that he was convicted of a crime and that his

guilty plea was made pursuant to a plea agreement that provides
for forfeiture as part of his sentence.  Consequently, it would
appear that the FTCA provides no basis for Plaintiff's claims for
damages against these Government defendants, but the Court does
not decide the issue.  See, e.g., Adeleke v. United States, 355
F.3d 144 (2004).

In any event, where Plaintiff seeks the recovery of a
forfeiture, venue is determined by 28 U.S.C. § 1395(a), which
states:

> (a)  A civil proceeding for the recovery of a
> pecuniary fine, penalty or forfeiture
> may be presented in the district where
> it accrues or the defendant is found.

In this case, where the cause of action occurred in the Southern
District of Illinois and most defendants are found there, venue
in New Jersey is improper and venue in the Southern District of
Illinois is proper.  If the Complaint is construed as an action
for recovery of a forfeiture, it should be transferred to the
Southern District of Illinois.

C.  Applicability of Rule 41(g)

Transfer to the Southern District of Illinois is also
warranted if this action is construed as a Rule 41(g) proceeding.
Because Plaintiff is proceeding pro se, this Court must construe
his claims liberally.  Plaintiff is essentially trying to recover
funds that were seized pursuant to a criminal forfeiture.
Forfeiture is defined as the divestiture without compensation of

10

specific property used in a manner contrary to the sovereign.

See Black's Law Dictionary 650 (6th ed. 1990).  Federal statutes

currently authorize the government to pursue two types of

forfeitures: criminal and civil.  This case involves a criminal

forfeiture because the forfeiture at issue was conducted pursuant

to Plaintiff's criminal conviction and as set forth in his plea

agreement.  Criminal forfeiture is an in personam action against

a criminal defendant in a criminal case and is imposed as a

sanction following the defendant's conviction.  See 21 U.S.C. §

853.  Specifically, § 853(a) provides that a person convicted of

offenses contained in an indictment "shall forfeit ... any

property" derived from the commission of the charged offenses.

21 U.S.C. § 853(a); United States v. Monsanto, 491 U.S. 600, 606-

09 (1989).

     Here, Plaintiff provides no basis for jurisdiction in this

action to recover forfeited funds, other than the asserted fact

that he is proceeding against the United States.  This Court

finds no jurisdictional predicate in any federal statute that

might arguably be used to obtain relief for an individual seeking

to recover forfeited property from the United States government.[2]

---

[2]  Plaintiff asserts no constitutional violation, such as deprivation of property without due process, that would provide a basis for recovery of his forfeited funds.  Thus, the Tucker Act, 28 U.S.C. § 1346(a)(2), is not available to Plaintiff because he can not point to a source of law that provides for an award of damages as requested.  See Hernandez v. United States, 86 F. Supp.2d. 331, 335-36 (S.D.N.Y. 2000), reconsid. denied, 2000 WL

The only possible avenue of jurisdiction in this instance might be Federal Rule of Criminal Procedure 41(g).

Rule 41(g) provides:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move for the property's return.  The motion must be filed in the district court where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

---

744148 (S.D.N.Y. Jun 8, 2000).

Plaintiff also cannot proceed under 28 U.S.C. § 2465, which states:

Upon the entry of judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law -
(1) such property shall be returned forthwith to the claimant or his agent; and
(2) if it appears that there was reasonable cause for the seizure, the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor, shall be liable to suit or judgment on account of such suit or prosecution, nor shall the claimant be entitled to costs, except as provided in subsection (b).

28 U.S.C. § 2465(a)(2006).  Here, Plaintiff has not alleged that any forfeiture proceeding has been initiated by the United States; nor can he show that any forfeiture proceeding resulted in a judgment in his favor.  Furthermore, the plain language of the statute makes clear that the officers making the seizures are not personally liable.  Thus, any claim under this statute is subject to dismissal.

Finally, Plaintiff cannot proceed under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 et seq., because he is seeking monetary relief in addition to injunctive relief.  See Polanco v. United States Drug Enforcement Administration, 158 F.3d 647, 652 (2d Cir. 1998).

12

Case 1:07-cv-02057-JBS-JS   Document 2   Filed 11/26/07   Page 13 of 15 PageID: 31

Fed.R.Crim.P. 41(g).

Where criminal proceedings are no longer pending against the defendant, as in this case where Plaintiff had pled guilty and a judgment of conviction has been entered, then a motion under Rule 41(e) is treated as a civil action.  See Bertin v. United States, 478 F.3d 489, 493 (2d Cir. 2007)(construing complaint seeking the return of seized property or just compensation and punitive damages as asserting claims under the FTCA and Rule 41(g)); Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004) (recognizing federal equitable jurisdiction to order the return of property under Rule 41(g), even after the conclusion of criminal proceedings).

Plaintiff may properly proceed against the United States and the DOJ under Rule 41(g) for the return of his property, albeit in the district court where the property was seized, which is the Southern District of Illinois.

Because it is not apparent from the pleading that the seized funds are not actually available for return, this Court is constrained to transfer this matter to the Southern District of Illinois where the forfeiture occurred, pursuant to Fed.R.Crim.P. 41(g).[3]  See 28 U.S.C. § 1631 (whenever a civil action is filed

_____

[3]    This Court also notes that any claim for recovery of money damages from the defendant Tempas in his individual capacity may be barred pursuant to prosecutorial immunity.  It is well established that a prosecutor acting within the scope of his duties in initiating and pursuing a criminal prosecution enjoys

13

in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed").

D.   Claim Against Defendant Edward D. Jones & Company

Finally, Plaintiff alleges the same tort claims of conversion and negligence against a private entity, Edward D. Jones & Company.  As there does not appear to be any jurisdictional defect on the face of the Complaint with respect to this private entity defendant, and because the alleged claims are not subject to dismissal at this time and the events and transactions at issue are the same as alleged against the Government defendants, this claim against the private entity defendant likewise will be transferred to the Southern District of Illinois.

---

absolute immunity from suit.  Imbler v. Pachtman, 424 U.S. 409, 424 (1976).  "It is also well established that this absolute prosecutorial immunity extends to ... agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings."  Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1489 (10th Cir. 1991).  If defendant Tempas was acting in his role as a prosecuting attorney in initiating and pursuing the criminal forfeiture of Plaintiff's property, as contemplated under 21 U.S.C. § 853 and Plaintiff's criminal conviction, then the Complaint may be subject to dismissal against Tempas on the ground of prosecutorial immunity, but this Court does not reach that issue.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be transferred in its entirety to the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. § 1631.  An appropriate order follows.


 **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated: **November 26, 2007**

15